**No. 22-7199**

---

# United States Court of Appeals
**FOR THE FOURTH CIRCUIT**

---

**ALBERT ANDERSON,**
Plaintiff – Appellant,

**v.**

**B. FERGUSON,**
Defendant – Appellee.

---

**Appeal from the United States District Court for the Middle District of North Carolina**

---

## APPELLANT'S OPPOSITION TO DEFENDANT FERGUSON'S MOTION TO DISMISS


Erica Hashimoto
*Director*

Mary Borchers
Zacharia Hasan
*Student Counsel*

Georgetown University Law Center
Appellate Litigation Program
111 F Street NW, Suite 306
Washington, D.C. 20001
(202) 662-9555
eh502@georgetown.edu

*Counsel for Appellant*


January 29, 2024

## THIS COURT HAS JURISDICTION OVER MR. ANDERSON'S PROPERLY PRESERVED EXCESSIVE FORCE CLAIM

Officer Ferguson's motion to dismiss relies on a restrictive reading of Mr. Anderson's pro se objections that disregards this Court's repeated instructions that such a filing be construed liberally. *See Wall v. Rasnick*, 42 F.4th 214, 218 (4th Cir. 2022) (applying this Court's liberal construction requirements to pro se objections to magistrate judge's order). Viewed through the proper lens, Mr. Anderson objected to the magistrate judge's recommended finding about Officer Ferguson's use of mandibular pressure with "sufficient specificity so as to reasonably alert the district court of the true ground" for his objection.[1] *United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007). Officer Ferguson's attempts to characterize Mr. Anderson's objections as insufficient thus fall short.

[1] The motion to dismiss argues only that Mr. Anderson failed to adequately object to the magistrate judge's recommendation about Officer Ferguson's use of mandibular pressure. Motion to Dismiss 7-11. In its factual recitation, the motion also includes erroneous descriptions of Mr. Anderson's other pleadings. Undersigned counsel will address those in Mr. Anderson's reply brief since they are not relevant to the argument raised in the motion to dismiss.

Mr. Anderson timely objected[2] to the magistrate judge's findings regarding the mandibular pressure in several ways. For instance, he objected that "Defendant Ferguson then reache[d] up behind plaintiff[']s left ear pressing behind plaintiff[']s ear with his thumb for nine seconds," JA207, one of several actions which were "unnecessary, putting [Mr. Anderson] in so much danger at times to be sm[o]ther[e]d, to suffer a broken neck . . . or even death." JA215. Mr. Anderson further objected to Officer Ferguson's mandibular pressure when he called the technique a "chokehold" and an "abus[]ive grip to the collar bone violating the Plaintiff[']s 8th Amendment" right. JA206. Officer Ferguson even concedes that Mr. Anderson preserved his objection regarding use of a chokehold. *See* Motion to Dismiss at 5.

These objections adequately put the district court on notice that Mr. Anderson was objecting to the recommendation regarding Officer Ferguson's use of mandibular pressure. Pro se filings must be construed "liberally." *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017). Courts

---

[2] Mr. Anderson timely mailed his objections to the magistrate judge's report on August 30, 2022, less than fourteen days after the August 22, 2022 report was filed. *See* Fed. R. Civ. P. 72(b)(2). Officer Ferguson does not appear to challenge the timeliness of those objections.

therefore should "recognize claims despite various formal deficiencies, such as incorrect labels or a lack of cited legal authority." *Wall*, 42 F.4th at 218. Mr. Anderson made "specific and particularized" objections that successfully alerted the district court to the true grounds of his objection—Officer Ferguson's use of mandibular pressure on his jawline behind his ear. *See Midgette*, 478 F.3d at 621. Indeed, Mr. Anderson precisely described the force as pressure behind his ear. JA207. His failure to use the magic words "mandibular pressure" is immaterial.

The same is true regarding Mr. Anderson's use of the word "chokehold": it is obvious that he is describing the suffocating effects he felt firsthand from the mandibular pressure, which made him feel smothered. *See* JA215. Officer Ferguson's assertion that Mr. Anderson has abandoned the claim that he was "held . . . in a chokehold until he passed out," Motion to Dismiss at 2 n.1, ignores that Mr. Anderson has consistently used "chokehold" throughout his district court filings to refer to Officer Ferguson's use of mandibular pressure. *See*, *e.g.*, JA18. Thus, the district court had sufficient notice as to Mr. Anderson's objection.

Mr. Anderson preserved his claim regarding Officer Ferguson's use of mandibular pressure through his objections to the magistrate judge's

report and recommendations. This Court has proper jurisdiction over Mr. Anderson's excessive force claims. Officer Ferguson's motion to dismiss should be denied.

Respectfully Submitted,

*/s/ Erica Hashimoto*
Erica Hashimoto
*Director*

Mary Borchers
Zacharia Hasan
*Student Counsel*

Georgetown University Law Center
Appellate Litigation Program
111 F Street NW, Suite 306
Washington, D.C. 20001
(202) 662-9555
eh502@law.georgetown.edu
Counsel for Appellant

January 29, 2024

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B) because it contains 525 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f).

Respectfully Submitted,

*/s/ Erica Hashimoto*

Erica Hashimoto

Georgetown University Law Center
Appellate Litigation Program
111 F Street NW, Suite 306
Washington, D.C. 20001
(202) 662-9555
eh502@georgetown.edu

Counsel for Appellant

January 29, 2024

**CERTIFICATE OF SERVICE**

I, Erica Hashimoto, certify that on January 19, 2024, I electronically filed the foregoing Opposition to the Motion to Dismiss via this Court's CM/ECF system, which will send notice of such filing to counsel of record in the above-captioned case.

*/s/ Erica Hashimoto*
Erica Hashimoto
*Director*

Georgetown University Law Center
Appellate Litigation Program
111 F Street NW, Suite 306
Washington, D.C. 20001
(202) 662-9555
eh502@georgetown.edu

Counsel for Appellant